UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

JONATHAN LEWIS VANNESS,

          Petitioner,

v.

SHERMAN CAMPBELL,

          Respondent.
_____/

Case No. 1:22-cv-547

Honorable Sally J. Berens

## OPINION

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436–37 (6th Cir. 1999). The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough,* 547 U.S. 198, 209 (2006). After undertaking the review required by Rule 4, the Court concludes that the petition is barred by the one-year statute of limitations. Nonetheless, the Court will permit Petitioner, by way of an order to show cause, an opportunity to demonstrate why his petition should not be dismissed as untimely.

**Discussion**

**I.      Factual Allegations**

Petitioner Jonathon Lewis Vanness is incarcerated with the Michigan Department of Corrections at the Gus Harrison Correctional Facility (ARF) in Adrian, Lenawee County, Michigan. On July 9, 2018, Petitioner pleaded guilty in the Allegan County Circuit Court to one count of first-degree criminal sexual conduct (CSC-I) in violation of Mich. Comp. Laws § 750.520b. On August 22, 2018, the court sentenced Petitioner to a prison term of 9 to 40 years.

On June 5, 2022, Petitioner filed his habeas corpus petition. Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Petitioner placed his petition in the prison mailing system on June 5, 2022. (Pet., ECF No. 1, PageID.13.)

**II.     Statute of Limitations**

Petitioner's application appears to be barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA). Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

2

> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

In most cases, Section 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner entered his guilty plea on July 9, 2018; he was sentenced on August 22, 2018. *See* https://micourt.courts.michigan.gov/case-search/court/C48 (search and select Case Number "2017-0000021254-FC," visited June 27, 2022). He did not seek leave to appeal his conviction or sentence to either the Michigan Court of Appeals or the Michigan Supreme Court. (Pet., ECF No. 1, PageID.2.)

Where a petitioner has failed properly to pursue an avenue of appellate review available to him, the time for seeking review at that level is counted under § 2244(d)(1)(A). See 28 U.S.C. § 2244(d)(1)(A) (time for filing a petition pursuant to Section 2254 runs from "the date on which the judgment became final by the conclusion of direct review *or the expiration of time for seeking such review*.") (emphasis added). Petitioner had six months, until February 22, 2019, in which to file a delayed application for leave to appeal in the Michigan Court of Appeals. See Mich. Ct. R. 7.205(G)(3).

Because Petitioner failed to file a timely appeal to the Michigan Court of Appeals, his conviction became final when his time for seeking review in that court expired. *See Williams v. Birkett*, 670 F.3d 729, 731 (6th Cir. 2012) (holding that a defendant's conviction became final when the time for seeking review under Mich. Ct. R. 7.205(F)(3) expired); *see also Gonzalez v.*

3

*Thaler*, 565 U.S. 134, 152–53 (2012) (holding that, because the Supreme Court can review only judgments of a state's highest court, where a petitioner fails to seek review in the state's highest court, the judgment becomes final when the petitioner's time expires for seeking state-court review). Petitioner's judgment became final on February 22, 2019.

Petitioner had one year after his petition became final, or until February 22, 2020, in which to file his habeas petition. He filed more than one year after the time for direct review expired. Thus, absent tolling, his application is time-barred.

The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181–82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed"). Petitioner indicates that he has not filed an application for collateral review in the state courts. (Pet., ECF No. 1, PageID.3.)

The records of the Allegan County Circuit Court disclose that Petitioner filed some sort of motion on April 27, 2022. *See* https://micourt.courts.michigan.gov/case-search/court/C48 (search and select Case Number "2017-0000021254-FC," visited June 27, 2022). Even if that motion was "a properly filed application for State post-conviction or other collateral review," 28 U.S.C. § 2244(d)(2), it would not toll the running of the period of limitation. The tolling provision does not "revive" the limitations period; it does not "restart the clock . . . it can only serve to pause a clock that has not fully run." *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2001) (internal quotes omitted). When the limitations period has expired, "collateral petitions can no longer serve to avoid a statute of limitations." *Id.* Even where the post-conviction motion raises a claim of ineffective assistance of appellate counsel, the filing of the motion for relief from judgment does not revive

4

the statute of limitations. *See McClendon v. Sherman,* 329 F.3d 490, 493–94 (6th Cir. 2003). Because Petitioner's one-year period expired in 2020, a collateral motion filed in 2022 would not serve to revive the limitations period.

The one-year limitations period applicable to Section 2254 is also subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010). A petitioner bears the burden of showing that he is entitled to equitable tolling. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). The Sixth Circuit repeatedly has cautioned that equitable tolling relief should be granted "sparingly." *See, e.g., Ata v. Scutt,* 662 F.3d 736, 741 (6th Cir. 2011); *Solomon v. United States*, 467 F.3d 928, 933 (6th Cir. 2006); *Souter v. Jones*, 395 F.3d 577, 588 (6th Cir. 2005); *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). A petitioner seeking equitable tolling must show: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Petitioner indicates that he was not aware of his right to pursue appeals or, apparently, the statute of limitations under 28 U.S.C. § 2244(d). The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations does not warrant tolling. *See Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 464 (6th Cir. 2012) ("Keeling's *pro se* status and lack of knowledge of the law are not sufficient to constitute an extraordinary circumstance and excuse his late filing."); *Allen*, 366 F.3d at 403 ("'[I]gnorance of the law alone is not sufficient to warrant equitable tolling.'") (quoting *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991)).

Petitioner also indicates that he has an intellectual disability; he was classified as cognitively impaired and his reading and comprehension are no higher than a fourth-grade level.

5

(Pet., ECF No. 1, PageID.5.) Additionally, Petitioner reports that he has been diagnosed with Asperger's Syndrome.[1] Petitioner suggests that he is not competent to proceed on his own behalf.

In *Ata*, 662 F.3d at 741–42, the Sixth Circuit held that mental incompetence may be an extraordinary circumstance within the meaning of *Holland*, 560 U.S. at 631. Merely stating that a petitioner is mentally ill or incompetent, however, is not enough. To prove mental incompetence that would toll the statute of limitations, "a petitioner must demonstrate that (1) he is mentally incompetent, and (2) his mental incompetence caused his failure to comply with the AEDPA's statute of limitations." *Ata,* at 742. "[A] blanket assertion of mental incompetence is insufficient to toll the statute of limitations. Rather, a causal link between the mental condition and untimely filing is required." *Id.* In addition, the court applied the standard set forth in *Schriro v. Landrigan*, 550 U.S. 465, 474–75 (2007), to determine whether the petitioner has made a sufficient showing to warrant an evidentiary hearing. An evidentiary hearing is only required when the petitioner's allegations are sufficient to support equitable tolling and the assertions are not refuted by the record or otherwise without merit. *Ata*, at 742.

Petitioner claims that his "disability" caused him to forego his appeals; but he does not explain how the disability prevented him from timely filing his habeas petition. He also fails to explain how his disability stopped him from filing his habeas petition before February 22, 2020, but did not stop him from filing it on June 5, 2022. Accordingly, it does not appear that Petitioner is entitled to equitable tolling of the statute of limitations.

---

[1] The Sixth Circuit Court of Appeals has described Asperger's Syndrome as "a condition on the autism spectrum characterized by impaired social skills. Children with Asperger's disorder lack awareness of social boundaries, among other things, and as a result can unwittingly engage in inappropriate behavior." *Clemons v. Shelby Cnty. Bd. of Ed.,* 818 F. App'x 453, 455 n.1 (6th Cir. 2020).

In *McQuiggin v. Perkins*, 569 U.S. 383 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage-of-justice exception. In order to make a showing of actual innocence under *Schlup*, a Petitioner must present new evidence showing that "'it is more likely than not that no reasonable juror would have convicted [the petitioner.]'" *McQuiggin*, 569 U.S. at 399 (quoting *Schlup*, 513 U.S. at 327 (addressing actual innocence as an exception to procedural default)). Because actual innocence provides an exception to the statute of limitations rather than a basis for equitable tolling, a petitioner who can make a showing of actual innocence need not demonstrate reasonable diligence in bringing his claim, though a court may consider the timing of the claim in determining the credibility of the evidence of actual innocence. *Id.* at 399–400.

In the instant case, although Petitioner may baldly claim that he is actually innocent, he proffers no new evidence of his innocence, much less evidence that makes it more likely than not that no reasonable juror would have convicted him. *Schlup*, 513 U.S. at 327, 329. He entered a plea that he was guilty. He now suggests that he did not have a sufficient relationship to his victim to warrant a finding of guilt with regard to the CSC-I charge, but he offers no new evidence in that regard. The rest of Petitioner's habeas grounds relate to his sentence and counsel's failure to investigate—not Petitioner's factual innocence. Because Petitioner has wholly failed to provide evidence of his factual innocence, he would not be excused from the statute of limitations under 28 U.S.C. § 2244(d)(1). His petition therefore appears to be time-barred.

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Day*,

7

547 U.S. at 210; *see also Nassiri v. Mackie*, 967 F.3d 544, 548 (6th Cir. 2020). The Court will allow Petitioner 28 days to show cause why the petition should not be dismissed as untimely.

An order consistent with this opinion will be entered.


Dated:   August 4, 2022                             /s/ Sally J. Berens
                                                               Sally J. Berens
                                                               United States Magistrate Judge