UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

JONATHAN LEWIS VANNESS,

                Petitioner,                Case No. 1:22-cv-547

v.                                                Honorable Sally J. Berens

SHERMAN CAMPBELL,

                Respondent.
_____/

**OPINION**

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Petitioner consented to proceed in all matters in this action under the jurisdiction of a United States magistrate judge. (ECF No. 4.) Section 636(c) provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c).

This case is presently before the Court for preliminary review pursuant to 28 U.S.C. § 2253 and Rule 4 of the Rules Governing § 2254 Cases. The Court is required to conduct this initial review prior to the service of the petition. Rule 4, Rules Governing § 2254 Cases.

Service of the petition on the respondent is of particular significance in defining a putative respondent's relationship to the proceedings. "An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under longstanding tradition in our system of justice, is fundamental to any

procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351.

Rule 4, by requiring courts to review and even resolve the petition before service, creates a circumstance where there may only be one party to the proceeding—the petitioner. Because Respondent has not yet been served, the undersigned concludes that Respondent is not presently a party whose consent is required to permit the undersigned to conduct a preliminary review of the petition. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a consent from the defendants[; h]owever, because they had not been served, they were not parties to this action at the time the magistrate entered judgment.").[1] Petitioner's consent is sufficient to permit the undersigned to conduct the Rule 4 review.

The Court conducts a preliminary review of the petition under Rule 4 to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States magistrate judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436–37 (6th Cir. 1999).

By opinion and order entered August 4, 2022 (ECF Nos. 5 and 6), the Court noted that, on the face of the petition, it appeared that Petitioner's habeas action was filed after the period of limitation had expired. Accordingly, the Court allowed Petitioner 28 days to show cause why his petition should not be dismissed as untimely. More than 28 days have passed, and Petitioner has not shown cause for the late filing. Instead, he has submitted a motion for relief from judgment that he filed in the Allegan County Circuit Court on September 6, 2022. *See* https://micourt.courts.michigan.gov/case-search/court/C48 (search and select Case Number "2017-0000021254-FC," last visited September 16, 2022).

Rather than demonstrating cause for the late filing of the petition, the motion acknowledges the timeline identified by the Court in the August 4, 2022 opinion—a timeline that necessarily leads to the conclusion that the instant petition was filed too late. Moreover, Petitioner has failed to show that the period of limitation should be tolled under the habeas statute or equitably. Finally, Petitioner has failed to demonstrate that he is actually innocent. Therefore, after undertaking the review required by Rule 4, the Court concludes that the petition is barred by the one-year statute of limitations.

3

**Discussion**

I.   **Factual Allegations**

Petitioner Jonathon Lewis Vanness is incarcerated with the Michigan Department of Corrections at the Gus Harrison Correctional Facility (ARF) in Adrian, Lenawee County, Michigan. On July 9, 2018, Petitioner pleaded guilty in the Allegan County Circuit Court to one count of first-degree criminal sexual conduct (CSC-I) in violation of Mich. Comp. Laws § 750.520b. On August 22, 2018, the court sentenced Petitioner to a prison term of 9 to 40 years.

On June 5, 2022, Petitioner filed his habeas corpus petition. Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Petitioner placed his petition in the prison mailing system on June 5, 2022. (Pet., ECF No. 1, PageID.13.)

II.  **Statute of Limitations**

Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA). Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> > (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

In most cases, Section 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner entered his guilty plea on July 9, 2018; he was sentenced on August 22, 2018. *See* https://micourt.courts.michigan.gov/case-search/court/C48 (search and select Case Number "2017-0000021254-FC," last visited Sept. 15, 2022). He did not seek leave to appeal his conviction or sentence to either the Michigan Court of Appeals or the Michigan Supreme Court. (Pet., ECF No. 1, PageID.2; Pet'r's Mot. for Relief from J., ECF No. 8-1, PageID.34.)

Where a petitioner has failed properly to pursue an avenue of appellate review available to him, the time for seeking review at that level is counted under Section 2244(d)(1)(A). *See* 28 U.S.C. § 2244(d)(1)(A) (stating that the time for filing a petition pursuant to Section 2254 runs from "the date on which the judgment became final by the conclusion of direct review *or the expiration of time for seeking such review*" (emphasis added)). Petitioner had six months, until February 22, 2019, in which to file a delayed application for leave to appeal in the Michigan Court of Appeals. *See* Mich. Ct. R. 7.205(G)(3).

Because Petitioner failed to file a timely appeal to the Michigan Court of Appeals, his conviction became final when his time for seeking review in that court expired. *See Williams v. Birkett*, 670 F.3d 729, 731 (6th Cir. 2012) (holding that a defendant's conviction became final

when the time for seeking review under Mich. Ct. R. 7.205(F)(3) expired); *see also Gonzalez v. Thaler*, 565 U.S. 134, 152–53 (2012) (holding that, because the Supreme Court can review only judgments of a state's highest court, where a petitioner fails to seek review in the state's highest court, the judgment becomes final when the petitioner's time expires for seeking state-court review). Petitioner's judgment became final on February 22, 2019.

Petitioner had one year after his petition became final, or until February 22, 2020, in which to file his habeas petition. Obviously, he filed more than one year after the time for direct review expired. Thus, absent tolling, his application is time-barred.

### A.     Statutory Tolling

The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181–82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed"). The petition indicated that Petitioner had not filed an application for collateral review in the state courts. (Pet., ECF No. 1, PageID.3.) On September 6, 2022, however, Petitioner filed such an application for collateral review in the Allegan County Circuit Court. Petitioner's motion, however, could not toll the running of the period of limitation.

The tolling provision does not "revive" the limitations period; it does not "restart the clock . . . it can only serve to pause a clock that has not yet fully run." *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (internal quotation marks omitted). When the limitations period has expired, "collateral petitions can no longer serve to avoid a statute of limitations." *Id.* Even where the post-conviction motion raises a claim of ineffective assistance of appellate counsel, the filing of the motion for relief from judgment does not revive the statute of limitations. *See McClendon*

*v. Sherman,* 329 F.3d 490, 493–94 (6th Cir. 2003). Because Petitioner's one-year period expired in 2020, a collateral motion filed in 2022 would not serve to revive the limitations period.

### B. Equitable Tolling

The one-year limitations period applicable to Section 2254 is also subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010). A petitioner bears the burden of showing that he is entitled to equitable tolling. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). The Sixth Circuit repeatedly has cautioned that equitable tolling relief should be granted "sparingly." *See, e.g.*, *Ata v. Scutt*, 662 F.3d 736, 741 (6th Cir. 2011); *Solomon v. United States*, 467 F.3d 928, 933 (6th Cir. 2006); *Souter v. Jones*, 395 F.3d 577, 588 (6th Cir. 2005); *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). A petitioner seeking equitable tolling must show: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

In the petition, Petitioner indicated that he was not aware of his right to pursue appeals or, apparently, the statute of limitations under 28 U.S.C. § 2244(d). The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations does not warrant tolling. *See Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 464 (6th Cir. 2012) ("Keeling's *pro se* status and lack of knowledge of the law are not sufficient to constitute an extraordinary circumstance and to excuse his late filing."); *Allen*, 366 F.3d at 403 ("[I]gnorance of the law alone is not sufficient to warrant equitable tolling." (quoting *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991))).

Petitioner also indicates that he has an intellectual disability; he was classified as cognitively impaired, and his reading and comprehension are no higher than a fourth-grade level.

7

(Pet., ECF No. 1, PageID.5.) Additionally, Petitioner reports that he has been diagnosed with Asperger's.[2] Petitioner suggests that he is not competent to proceed on his own behalf.

In *Ata*, 662 F.3d at 741–42, the Sixth Circuit held that mental incompetence may be an extraordinary circumstance within the meaning of *Holland*, 560 U.S. at 631. Merely stating that a petitioner is mentally ill or incompetent, however, is not enough. To prove mental incompetence that would toll the statute of limitations, "a petitioner must demonstrate that (1) he is mentally incompetent and (2) his mental incompetence caused his failure to comply with AEDPA's statute of limitations." *Ata,* at 742. "[A] blanket assertion of mental incompetence is insufficient to toll the statute of limitations. Rather, a causal link between the mental condition and untimely filing is required." *Id.* In addition, the court applied the standard set forth in *Schriro v. Landrigan*, 550 U.S. 465, 474–75 (2007), to determine whether the petitioner has made a sufficient showing to warrant an evidentiary hearing. An evidentiary hearing is only required when the petitioner's allegations are sufficient to support equitable tolling and the assertions are not refuted by the record or otherwise without merit. *Ata*, at 742.

Petitioner claims that his "disability" caused him to forego his appeals; but he does not explain how the disability prevented him from timely filing his habeas petition. He also fails to explain how his disability stopped him from filing his habeas petition before February 22, 2020, but did not stop him from filing it on June 5, 2022. Accordingly, it does not appear that Petitioner is entitled to equitable tolling of the statute of limitations.

---

[2] The Sixth Circuit Court of Appeals has described Asperger's Syndrome as "a condition on the autism spectrum characterized by impaired social skills. Children with Asperger's disorder lack awareness of social boundaries, among other things, and as a result can unwittingly engage in inappropriate behavior." *Clemons v. Shelby Cnty. Bd. of Ed.*, 818 F. App'x 453, 455 n.1 (6th Cir. 2020).

### C. Actual Innocence

In *McQuiggin v. Perkins*, 569 U.S. 383 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage-of-justice exception. To make a showing of actual innocence under *Schlup*, a Petitioner must present new evidence showing that "it is more likely than not that no reasonable juror would have convicted [the petitioner.]" *McQuiggin*, 569 U.S. at 399 (quoting *Schlup*, 513 U.S. at 327) (addressing actual innocence as an exception to procedural default). Because actual innocence provides an exception to the statute of limitations rather than a basis for equitable tolling, a petitioner who can make a showing of actual innocence need not demonstrate reasonable diligence in bringing his claim, though a court may consider the timing of the claim in determining the credibility of the evidence of actual innocence. *Id.* at 399–400.

In the instant case, Petitioner claims that he is actually innocent. But he proffers no new evidence of his innocence, much less evidence that makes it more likely than not that no reasonable juror would have convicted him. *Schlup*, 513 U.S. at 327, 329.

#### 1. No Evidence

"To be credible, such a claim [of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324; *see also Souter v. Jones*, 395 F.3d 577, 590 (6th Cir. 2005) (quoting *Schlup*). Petitioner does not offer scientific evidence, trustworthy accounts, or any physical evidence; he just says he is not connected enough by blood relationship or affinity to commit CSC-I with this victim. The Sixth Circuit has indicated that even sworn statements from a petitioner are "inherently unreliable." *Freeman v. Trombley*, 483 F. App'x 51, 58 (6th Cir. 2012);

9

*see also Shumpert v. Winn*, No. 17-1585, 2017 WL 5624283, at *1 (6th Cir. Nov. 2, 2017) ("Shumpert built his actual innocence claim on a faulty foundation. For one, he could not rely on his own statements of innocence as new evidence to support his actual innocence claim."); *Stewart v. Harry*, No. 17-1494, 2017 WL 9249946, at *2 (6th Cir. Nov. 21, 2017) ("Stewart's actual-innocence claim was inadequately supported by his 'self-serving, conclusory assertions of innocence,' and belied by his guilty plea."). Petitioner's statements are not even supported by oath. If the self-serving unsworn statements of the party seeking release from incarceration were sufficient to satisfy the "demanding" standard of *Schlup*, *McQuiggin*, 569 U.S. at 401, then claims of actual innocence would not be "rarely successful" as the Supreme Court states they must be. *Schlup*, 513 U.S. at 324.

### 2. No *New* Evidence

Even if Petitioner's own statements could be considered reliable evidence, they are not new evidence and, therefore, cannot support an actual innocence claim. *See, e.g.*, *Saylor v. Mack*, 27 F. App'x 321, 323 (6th Cir. 2001) ("Saylor has not submitted new evidence establishing his actual innocence of his convictions. . . . Indeed, the facts underlying his claim were available to him since the time of his guilty plea."); *Gilmer v. Curtin*, No. 1:13-cv-425, 2014 WL 769447, at *6 (W.D. Mich. Feb. 26, 2014) ("The . . . Report[s] . . . were readily available to Petitioner when he pleaded guilty . . . . Petitioner therefore proffers no new evidence of his innocence . . . .").

### 3. No reasonable juror would convict

Even if Petitioner supplied actual reliable evidence and even if that evidence were new, that evidence would not be enough to show that no reasonable juror would have convicted Petitioner. Even if Petitioner conclusively established that he was not related to the victim by blood or affinity to the fourth degree, that does not exclude other possible violations of Mich. Comp. Laws § 750.520b(1)(b), the most serious crime with which he was charged. That subsection of the

10

statute includes other circumstances that might subject Petitioner to prosecution for CSC-I. For example, where the victim is at least 13, but less than 16, years of age, the actor is guilty of CSC-I if he "is a member of the same household as the victim," or if the actor is "in a position of authority over the victim and used this authority to coerce the victim to submit." *Id*.[3] Where the plea is limited to one particular factual scenario, but the government foregoes other charges in plea bargaining, "petitioner's showing of actual innocence must also extend to those charges." *Bousley v. United States*, 523 U.S. 614, 624 (1998).

Perhaps anticipating that burden, Petitioner also claims he was not a member of the same household as the victim: "even if the prosecution felt that because the victim lived under the same roof as his father's family that would satisfy the statu[t]e requirements for CSC 1st degree this would also fail because Mr. Vanness was in fact homeless and living out of a vehicle not attached to the home." (Pet'r's Mot. for Relief from J. Br., ECF No. 8-1, PageID.47.)[4] Plaintiff's suggestion that living in a vehicle that was not attached to the house forecloses a determination that he lived in the same household is unsupported by any legal authority.

Moreover, Petitioner does not address in any way the possibility that he might be criminally liable for CSC-I because of a position of authority over the victim. In short, Petitioner has failed to demonstrate with new evidence that no reasonable juror would have convicted him. Therefore, he has failed to show actual innocence that would permit the Court to ignore his lack of diligence.

---

[3] Moreover, Petitioner reports that he "was facing three counts of CSC 1st degree/relationship, based on the fact that a forensic interview was done on several children, and they implicated Mr. Vanness[] in several instance of sexual assault, that included some penetration, some touching." (Pet'r's Mot. for Relief from J. Br., ECF No. 8-1, PageID.48.)

[4] This claim also suffers from a lack of evidentiary support, and the support that Petitioner supplies—his say-so—is not "new" at all. He was fully aware of those facts when he entered his plea.

11

### III. Certificate of Appealability

The Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.*

Petitioner's application is untimely and, thus, barred by the statute of limitations. Under *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id*.

Reasonable jurists could not find it debatable whether Petitioner's application was timely. It is more than two years late. Therefore, a certificate of appealability will be denied. Although the Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right, the Court does not conclude that any issue Petitioner might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

**Conclusion**

Petitioner has failed to show cause to excuse the tardy filing of his habeas petition. Therefore, the Court will enter judgment dismissing the petition with prejudice. Moreover, because reasonable jurists could not find it debatable whether Petitioner's petition was timely, the Court will enter an order denying a certificate of appealability.


Dated:   September 21, 2022                     /s/ Sally J. Berens
                                                                 SALLY J. BERENS
                                                                 U.S. Magistrate Judge